# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| EDWIN MOLINA, an individual; on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PACER CARTAGE, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 13-cv-2344-LAB (JMA)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING ACTION AND JUDGMENT**<br><br><u>Final Approval Hearing</u><br>Date:    September 19, 2016<br>Time:    12:00 p.m.<br>Courtroom:  14A<br>Judge:    Hon. Larry A. Burns |
|---|---|

On June 13, 2016, Plaintiff, Edwin Molina, filed a Motion for Final Approval of Class Action Settlement (ECF No. 37) and Motion for Award of Attorney Fees and Reimbursement of Expenses (ECF No. 37-1). On June 24, 2016, Plaintiff and Defendant, Pacer Cartage, Inc. ("Pacer") filed a Joint Stipulation Regarding Modification of Settlement and Extended Deadline for Opt-Outs to advise the Court of the parties' agreement to reduce the Total Settlement Amount previously agreed to at mediation in proportion to the Settlement Class Members who opted out of the case and to reduce the amount of Attorney Fees and Reimbursement of Expenses requested (the "Modified Settlement Stipulation"). The Court then continued the hearing on the Motion for Final Approval from June 27, 2016 to September 19, 2016. On September 7, 2016, the Court issued its Order

– 1 –

Granting Joint Motion to Modify Settlement Agreement reflecting the reduced Total Settlement Amount of $2,687,500 and the reduced Attorney Fee and Expense Award of $806,250.

Because the modification did not alter the amount each class member would receive, the Court concluded that a second notice to class members was not needed. *See In re Groupon Mktg. & Sales Practices Litig.*, 593 Fed. App'x 699, 701 (9th Cir. 20150 (holding that a *de minimis* change to the settlement agreement did not require new notice to class members); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 2013 WL 3224585 at *6 (C.D. Cal. June 17, 2013) (holding that supplemental notice was not required because changes to settlement agreement would not decrease any class member's recovery).

On the 19th day of September, 2016, a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure was held before this Court for the following purposes:

a. to finally determine whether the Settlement Class satisfies the applicable prerequisites for certification for settlement purposes under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

b. to determine whether the proposed Settlement as reflected in the Stipulation of Settlement of Class Action and Release (the "Settlement Stipulation") and the Modified Settlement Stipulation is fair, reasonable, and adequate, and should be finally approved by the Court;

c. to determine whether the proposed Order Granting Final Approval of Class Action Settlement, Dismissing Action and Judgment ("Final Order") as provided under the Settlement Stipulation and the Modified Settlement Stipulation should be entered, and to determine whether the release by the Class, as set forth in the Settlement Stipulation and the Modified Settlement Stipulation, should be provided;

   d. to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

   e. to rule upon such other matters as the Court may deem appropriate.

Due and adequate notice has been provided to the Settlement Class, and the Court has considered the Settlement Stipulation and the Modified Settlement Stipulation and all papers filed regarding the proposed settlement and proceedings held herein, and good cause appearing, the Court finds that the Settlement is fair, reasonable, and adequate. The Motion for Final Approval of Class Action Settlement is **GRANTED**.

The Court therefore **ORDERS** as follows:

1. The capitalized terms used in this Final Order shall have the same meaning as set forth in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including Plaintiff and all Settlement Class Members.

3. The Court finds that the prerequisites under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class Members that it represents; (d) the Plaintiff has represented, and will fairly and adequately represent, the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Accordingly, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies this action as a class action and the following

– 3 –
**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING ACTION AND JUDGMENT (13CV2344-LAB (JMA))**

Settlement Class solely for the purpose of effectuating the Settlement Stipulation and Modified Settlement Statement:

> All current and former drivers of Defendant, who resided in California, at any time beginning August 19, 2009 through the date notice was mailed to the Class, which date was April 29, 2016 (the "Class Period") and who drove a truck as an "independent contractor" for Defendant Pacer.

5.  Furthermore, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies Plaintiff Edwin Molina ("Plaintiff") as Class Representative for the Settlement Class and Kabateck Brown Kellner LLP as Counsel for the Class ("Class Counsel").

6.  Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. The Court further finds that notice of this Settlement has been timely given to the appropriate federal and state officials pursuant to 28 U.S.C.§ 1715(b).

7.  The Settlement is approved as fair, reasonable, and adequate, and the members of the Settlement Class Members are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation and the Modified Settlement Stipulation.  The Court makes this finding based on a weighing of the Plaintiff's claims and Pacer's defenses with the risk, expense, complexity and likely duration of further litigation.  The Court further

finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions. The Court has reviewed the Total Settlement Amount of $2,687,500 that is being paid as part of the Settlement Stipulation and Modified Settlement Stipulation and recognizes the significant value to the Settlement Class of the monetary recovery. The calculation of the Individual Settlement Amounts for the Settlement Class Members based upon the number of weeks worked during the Class Period is fair and reasonable.

8. The Court also finds that the Settlement Stipulation and the Modified Settlement Stipulation were arrived at in good faith, without collusion, following extensive arms' length negotiations by counsel for the Parties, including mediation with Robert Kaplan, and with due consideration for Pacer's ability to void the Settlement in its entirety due to the number of Settlement Class Members who excluded themselves from the Settlement, and constitute a fair, reasonable and adequate compromise of all of the Released Claims against Pacer and the Released Parties Finally, the Court finds that the remaining Settlement Class members will receive a slightly higher Individual Settlement Amount under the Modified Settlement Stipulation than they would have received under the Settlement Stipulation which included one hundred and five individuals (105) who have now requested exclusion from the Settlement.

9. The obligations incurred pursuant to the Settlement Stipulation and Modified Settlement Stipulation are in full and final disposition of the Action and any and all Released Claims as against all Released Parties.

10. The Complaint is hereby dismissed with prejudice as against Pacer.

11. As of the Final Effective Date, Plaintiff and all Settlement Class Members on behalf of themselves, their heirs, executors, administrators, successors and assigns, hereby, with respect to each and every Released Claim, release and

forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

12. The Court finds that all parties and their counsel have complied with each requirement of the Federal Rules of Civil Procedure as to all proceedings herein.

13. The Court further finds that the response of the Settlement Class, with five hundred and twenty (520) participants, supports final settlement approval. One hundred and five (105) Class Members timely requested exclusion from the Settlement. The letter objection filed by Domingo Avalos attaching a petition signed by other drivers (the "Avalos Letter") (ECF No. 30) is not a valid objection. Because he timely opted out of the Settlement, Mr. Avalos has no standing to object to it, nor could he validly object on behalf of any other Settlement Class Member. Not a single Class Member filed an objection to the Settlement and the Court finds there were no valid objections.

14. Class Counsel is experienced in class litigation, including litigation of similar claims, in other cases, and has fairly and adequately represented the interests of the Settlement Class. The preliminary appointment of Kabateck Brown Kellner LLP is hereby confirmed.

15. Class Counsel are hereby awarded thirty percent (30%) of the $2,687,500 Gross Settlement Fund, which is $806,250 in attorneys' fees and expenses, which sum the Court finds to be fair and reasonable, which shall be paid to Plaintiff's Counsel from the Total Settlement Amount

16. Plaintiff Edwin Molina is hereby awarded $10,000 as an Incentive Award directly related to Plaintiff's representation of the Settlement Class, which shall be paid to Plaintiff from the Total Settlement Amount

17. The Court finds that Administrative Expenses of $13,457.00 for administering the Settlement are reasonable and shall be paid out of the Total Settlement Amount in accordance with the Settlement Stipulation and Modified

Settlement Stipulation.  By agreement of the parties, $11,241.38 will be paid to KCC Class Action Services for Administrative Expenses incurred, $2,215.62 will be paid to Simpluris, Inc. for Administrative Expenses to be incurred in distributing the Total Settlement Amount, and any remaining amount due to Simpluris, Inc. will be split equally by the parties and paid directly, not from the Total Settlement Amount.

18.   In accordance with Paragraph 62 of the Settlement Stipulation, Pacer shall transmit to Simpluris, Inc. the Total Settlement Amount of $2,687,500 within thirty (30) days following the Final Effective Date, which will be used to pay (a) the Individual Settlement Amounts for all Settlement Class members; (b) the total amount of the Incentive Award, as approved by the Court; (c) the Administrative Expenses as discussed above; and (d) the total amount of the Attorney Fee Award, as approved by the Court.  Because there were no valid objections and no further recourse or appeal rights by anyone seeking to contest the Settlement, the Final Effective Date shall be the date the Court enters this Order.

**IT IS SO ORDERED.**

Dated: October 12, 2016         By: _[signature]_
                                  Honorable Larry A. Burns
                                  United States District Judge

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING ACTION AND JUDGMENT (13CV2344-LAB (JMA))**